UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KELLY TOYS HOLDINGS, LLC,

*Plaintiff*

v.

WWW.SQUISHMALLOW-OFFICIAL.COM,
WWW.PAPCOOL.NET, PAPCOOL, NGUYEN TIEN
VIET LIFE TV LLC d/b/a WWW.VIETLIFETV.NET,
ANNONA., K-USTIN DAWSON, PAPCOOL JTF,
SAN'SHOP, and VERBENA,

*Defendants*

21 Civ. 8431 (JPC)

**PRELIMINARY
INJUNCTION ORDER**

# **GLOSSARY**

| Term | Definition |
|---|---|
| **Plaintiff or Kelly Toys** | Kelly Toys Holdings, LLC |
| **Defendants** | www.squishmallow-official.com, www.papcool.net, PAPCOOL, Nguyen Tien, VIET LIFE TV LLC d/b/a www.vietlifetv.net, Annona., K-USTIN DAWSON, PAPCOOL JTF, San'Shop, and Verbena |
| **Originally Named Defendants** | www.squishmallow-official.com, www.papcool.net, PAPCOOL, Nguyen Tien, and VIET LIFE TV LLC d/b/a www.vietlifetv.net |
| **Newly Named Defendants** | Annona., K-USTIN DAWSON, PAPCOOL JTF, San'Shop, and Verbena |
| **Shopify** | Shopify Inc., a Canadian company with an address of 150 Elgin Street, 8th Floor, Ottawa, ON K2P 1L4, Canada, and any affiliated companies, which operate a cloud-based e-commerce platform, available at www.shopify.com, that enables users to create online stores, manage their businesses, among other things |
| **Amazon** | Amazon.com, a Seattle, Washington-based, online marketplace and e-commerce platform owned by Amazon.com, Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave, Suite 411, New York, NY 10016 |
| **Complaint** | Plaintiff's Complaint |
| **Second Application** | Plaintiff's *ex parte* application for 1) a temporary restraining order; 2) an order restraining Newly Named Defendants' Websites (as defined *infra*), User Accounts, Merchant Storefront and Newly Named Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service; and 5) an order authorizing expedited discovery filed on November 17, 2021 |
| **Kelly Dec.** | Declaration of Jonathan Kelly in Support of Plaintiff's Application |
| **Futterman Dec.** | Declaration of Danielle S. Futterman in Support of Plaintiff's Application |
| **Second Futterman Dec.** | Second Declaration of Danielle S. Futterman filed on |

1

| | |
|---|---|
| | November 8, 2021 |
| **Amended Second Futterman Dec.** | Amended Second Declaration of Danielle S. Futterman in Support of Plaintiff's Second Application as against the Newly Named Defendants |
| **Squishmallows Applications** | U.S. Trademark Serial Application Nos. 88/471,796 for "SQUISHMALLOWS HUGMEES" for goods in Class 28; 90/676,140 for "ORIGINAL SQUISHMALLOWS" for goods in Class 28 |
| **Squishmallows Registrations** | U.S. Trademark Registration Nos. 6,137,521 for "FLIP A MALLOWS" for goods in Class 28; 5,454,574 for "SQUISHMALLOW" for goods in Class 28; 5,962,289 for "MYSTERY SQUAD" for goods in Class 28; and 2,029,047 for "KELLYTOY" for goods in Class 28 |
| **Squishmallows Marks** | The marks covered by the Squishmallows Registrations and Squishmallows Application |
| **Squishmallows Works** | The works covered by the U.S. copyright registrations listed in Exhibit C to the Complaint |
| **Squishmallows Products** | A line of toys made with a soft texture that come in a variety of sizes from 3.5 inch clip-ons to extra large 24 inch plush toys, and include styles such as Hug Mees, Stackables, Mystery Squad and Flip-A-Mallows |
| **Counterfeit or Infringing Products** | Products bearing or used in connection with the Squishmallows Marks and/or Squishmallows Works, and/or products in packaging and/or containing labels and/or hang tags bearing the Squishmallows Marks and/or Squishmallows Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Squishmallows Marks and/or Squishmallows Works and/or products that are identical or confusingly or substantially similar to the Squishmallows Products |
| **Defendants' Websites** | Any fully interactive websites held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them, that they operate to communicate with consumers regarding their Counterfeit Products and/or through which consumers purchase Counterfeit Products for delivery in the U.S., including, without limitation, Defendants' websites located at www.squishmallow-official.com, www.papcool.net and www.vietlifetv.net with the domain names associated therewith |
| **Infringing Doman Name** | www.squishmallow-official.com |
| **User Accounts** | Defendants' accounts with online marketplace platforms such as Amazon, as well as any as yet |

| | |
|---|---|
| | undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants, and all persons in active concert or participation with any of them |
| **Defendant's Merchant Storefronts** | Any User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Defendants' Assets** | Any money, securities, or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any financial accounts associated with or utilized by Defendants or Defendants' Websites (whether said accounts are located in the U.S. or abroad) |
| **Financial Institutions** | PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), Amazon.com, Inc., Amazon Payments, Inc. ("Amazon Pay"), PingPong Global Solutions, Inc. ("PingPong") and Stripe Payments Canada, Ltd. ("Stripe"), which have been identified as engaging in the processing or transfer of money and/or real or personal property of Defendants |
| **Third Party Service Providers** | Any third party providing services in connection with Defendants' Infringing Products and/or Defendants' Websites, including, without limitation, Internet Service Providers ("ISP"), back-end service providers, web designers, merchant account providers, any providing shipping and/or fulfillment services, website hosts such as Amazon.com, Inc. and Shopify, domain name registrars, such as Amazon Registrar, Inc. ("Amazon"), Cloudflare, Inc. ("Cloudflare") and GoDaddy.com, LLC ("GoDaddy"), and domain name registries |

WHEREAS, Plaintiff having moved *ex parte* on November 17, 2021, against Newly Named Defendants for the following: 1) a temporary restraining order; 2) an order restraining Newly Named Defendants' Websites, User Accounts, Merchant Storefronts and Newly Named Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery against Newly Named Defendants, the Third Party Service Providers, and the Financial Institutions;

WHEREAS, on November 10, 2010, the Court entered a Preliminary Injunction against Originally Named Defendants,

WHEREAS, the Court entered an Order granting Plaintiff's Second Application on November 18, 2021 ("TRO"), and ordered Newly Named Defendants to appear on December 1, 2021, at 9:00 a.m. to show cause why a preliminary injunction should not issue ("December 1, 2021 Show Cause Hearing");

WHEREAS, on November 23, 2021, pursuant to the methods of alternative service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO, and all papers filed in support of Plaintiff's Application on Newly Named Defendants' email addresses;

WHEREAS, on December 1, 2021, Plaintiff appeared at the December 1, 2021 Show Cause Hearing, however, Newly Named Defendants did not appear.

**ORDER**

1. The injunctive relief previously granted in the TRO shall remain in place through the pendency of this litigation, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

   a) Accordingly, Newly Named Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

      i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Infringing Products or any other products bearing the Squishmallows Marks and/or Squishmallows Works and/or marks and/or artwork that are confusingly or substantially similar to, identical to and constitute a counterfeiting and/or infringement of the Squishmallows Marks and/or Squishmallows Works;

      ii. directly or indirectly infringing in any manner Plaintiff's Squishmallows Marks and/or Squishmallows Works;

      iii. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Squishmallows Marks and/or Squishmallows Works to identify any goods or services not authorized by Plaintiff;

      iv. using Plaintiff's Squishmallows Marks and/or Squishmallows Works or any other marks and/or artwork that are confusingly or substantially similar to the Squishmallows Marks and/or Squishmallows Works on or in connection with Newly Named Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or

      otherwise dealing in Counterfeit Products;

v. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Newly Named Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Newly Named Defendants and Newly Named Defendants' commercial activities and Plaintiff;

vi. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to Newly Named Defendants' Websites, User Accounts, Merchant Storefronts or Newly Named Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

vii. effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order;

viii. linking, transferring, selling and/or operating Newly Named Defendants' Websites; and

      ix. knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(viii) above and 1(b)(i) through 1(b)(ii) and 1(c)(i) through 1(c)(ii) below.

b) Accordingly, the Third Party Service Providers and the Financial Institutions are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

      i. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Newly Named Defendants' Assets from or to Newly Named Defendants' Financial Accounts until further ordered by this Court;

      ii. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Newly Named Defendants' Assets and Newly Named Defendants' Financial Accounts; and

      iii. knowingly instructing any person or business entity to engage in any of the activities referred to in subparagraphs I(a)(i) through I(a)(viii) and I(b)(i) through I(b)(ii) above and I(c)(i) through I(c)(ii) below.

c) Accordingly, the Third Party Service Providers are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

      i. providing services to Newly Named Defendants, including without limitation, those relating to the continued operation of Newly Named Defendants' Websites, User Accounts and Merchant Storefronts;

      ii. permitting the transfer, sale and/or assignment of Newly Named Defendants' Websites; and

      iii. knowingly instructing any other person or business entity in any of the activities referred to in subparagraphs I(a)(i) through I(a)(viii) and I(b)(i) through I(b)(ii) and 1(c)(i) through I(c)(ii) above.

2. As sufficient cause has been shown, the asset restraint granted in the TRO shall remain in place through the pendency of this litigation, with respect to the Financial Institutions.

3. As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

   a) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Newly Named Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

   b) Plaintiff may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Newly Named Defendants, their respective officers, employees, agents, servants and attorneys and all persons in active concert or participation with any of them who receive actual notice of this Order shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

   c) Within fourteen (14) days after receiving notice of this Order, all Financial Institutions who are served with this Order shall serve upon Plaintiff's counsel with all documents and records in their possession, custody, and control (whether located in the U.S. or

abroad), relating to Newly Named Defendants' Financial Accounts, including, but not limited to, documents and records relating to:

   i. account numbers;
   ii. current account balances;
   iii. any identifying information for Newly Named Defendants and/or Newly Named Defendants' Websites, User Accounts and Merchant Storefronts, including, but not limited to, names, addresses and contact information;
   iv. any account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a business entity, any business documents provided for the opening of every of Newly Named Defendants' Financial Accounts;
   v. any deposits and withdrawal during the previous year from every one of Newly Named Defendants' Financial Accounts and any supporting documentation including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and
   vi. any wire transfers into every of Newly Named Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number.

4. As sufficient cause has been shown, and pursuant to FRCP 4(f)(3), service shall be made on, and deemed effective as to Newly Named Defendants if it is completed by the following means:

    a) delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where Newly Named Defendants will be able to download a PDF copy of this Order to Newly Named Defendants' e-mail addresses; and

5. As sufficient cause has been shown, that such alternative service by electronic means ordered in the TRO and herein shall be deemed effective as to Newly Named Defendants, the Third Party Service Providers, and the Financial Institutions through the pendency of this action.

6. As sufficient cause has been shown, service of this Order shall be made on and deemed effective as to the Third Party Service Providers and the Financial Institutions if it is completed by the following means:

    a) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

    b) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Cloudflare, Inc. will be able to download a PDF copy of this Order via electronic mail to abuse@cloudflare.com;

    c) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Amazon will be able to download a PDF copy of this Order via electronic mail to legal@amazon.com and registrar-abuse@amazon.com;

    d) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where

>       Shopify will be able to download a PDF copy of this Order via electronic mail to legal@shopify.com; and
>
>    e) delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website where GoDaddy will be able to download a PDF copy of this Order via electronic mail to compliancemgr@godaddy.com and courtdisputes@godaddy.com.

7. Newly Named Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this Order and any act by them in violation of this Order may be considered and prosecuted as in contempt of this Court.

8. The $5,000 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

9. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

10. Newly Named Defendants may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

**SO ORDERED.**

SIGNED this 1st day of December 2021, at 10:00 a.m.
New York, New York

_____
    HON. JOHN P. CRONAN
    UNITED STATES DISTRICT JUDGE