UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                   :

KELLY TOYS HOLDINGS, LLC,                   :

                                  Plaintiff,            :

                                                   :         21 Civ. 8431 (JPC)
               -v-                                 :

                                                 :         <u>FINAL DEFAULT</u>
WWW.SQUISHMALLOW-OFFICIAL.COM,       :         <u>JUDGMENT AND</u>
WWW.PAPCOOL.NET, PAPCOOL, NGUYEN TIEN :         <u>PERMANENT</u>
VIET LIFE TV LLC d/b/a WWW.VIETLIFETV.NET, :        <u>INJUNCTION ORDER</u>
ANNONA., K-USTIN DAWSON, PAPCOOL JTF, :
SAN'SHOP, and VERBENA,                                 :
                                                 :
                                Defendants.        :
                                                 :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

## GLOSSARY

| Term | Definition | Docket Entry Number |
|---|---|---|
| **Plaintiff or Kelly Toys** | Kelly Toys Holdings, LLC | N/A |
| **Originally Named Defendants** | www.squishmallow-official.com, www.papcool.net, PAPCOOL, Nguyen Tien, and VIET LIFE TV LLC d/b/a www.vietlifetv.net ("VIET LIFE TV") | N/A |
| **Newly Named Defendants** | Annona, K-USTIN DAWSON, PAPCOOL JTF, San'Shop, and Verbena | N/A |
| **Defendants** | www.squishmallow-official.com, www.papcool.net, PAPCOOL, Nguyen Tien, VIET LIFE TV LLC d/b/a www.vietlifetv.net, Annona., K-USTIN DAWSON, PAPCOOL JTF, San'Shop and Verbena | N/A |
| **Shopify** | Shopify Inc., a Canadian company with an address of 150 Elgin Street, 8th Floor, Ottawa, ON K2P 1L4, Canada, and any affiliated companies, which operate a cloud-based e-commerce platform, available at www.shopify.com, that enables users to create online stores, manage their businesses, among other things | N/A |
| **Amazon** | Amazon.com, a Seattle, Washington-based, online marketplace and e-commerce platform owned by Amazon.com, Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York | N/A |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff | N/A |
| **New York Address** | 244 Madison Ave, Suite 411, New York, NY 10016 | N/A |
| **Complaint** | Plaintiff's Complaint filed on October 13, 2021 | 5 |
| **Amended Complaint** | Plaintiff's First Amended Complaint filed on November 8, 2021 | 19 |
| **First Application** | Plaintiff's *ex parte* application for 1) a temporary restraining order; 2) an order restraining Defendants' Websites (as defined *infra*), User Account, Merchant Storefront and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service; and 5) an order authorizing expedited discovery filed on October 13, 2021 | 11-14 |
| **Second Application** | Plaintiff's *ex parte* application for 1) a temporary restraining order; 2) an order restraining the Newly Named Defendants' | 27-30 |

|  | User Accounts, Merchant Storefronts and Newly Named Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service; and 5) an order authorizing expedited discovery filed on November 17, 2021 |  |
|---|---|---|
| **First TRO** | Temporary Restraining Order entered on October 15, 2021 | 15 |
| **Second TRO** | Temporary Restraining Order entered on November 18, 2021 | 31 |
| **TROs** | First TRO and Second TRO | 15, 31 |
| **First PI Order** | Preliminary Injunction Order entered on November 10, 2021 | 26 |
| **Second PI Order** | Preliminary Injunction Order entered on December 1, 2021 | 38 |
| **PI Orders** | First PI Order and Second PI Order | 26, 38 |
| **Kelly Dec.** | Declaration of Jonathan Kelly in Support of Plaintiff's First Application | 13 |
| **Futterman Dec.** | Declaration of Danielle S. Futterman in Support of Plaintiff's First Application | 12 |
| **Second Futterman Dec.** | Second Declaration of Danielle S. Futterman filed on November 8, 2021 | 25 |
| **Amended Second Futterman Dec.** | Amended Second Declaration of Danielle S. Futterman in Support of Plaintiff's Second Application as against the Newly Named Defendants | 28 |
| **Squishmallows Applications** | U.S. Trademark Serial Application Nos. 88/471,796 for "SQUISHMALLOWS HUGMEES" for goods in Class 28; 90/676,140 for "ORIGINAL SQUISHMALLOWS" for goods in Class 28 | N/A |
| **Squishmallows Registrations** | U.S. Trademark Registration Nos. 6,137,521 for "FLIP A MALLOWS" for goods in Class 28; 5,454,574 for "SQUISHMALLOW" for goods in Class 28; 5,962,289 for "MYSTERY SQUAD" for goods in Class 28; and 2,029,047 for "KELLYTOY" for goods in Class 28 | N/A |
| **Squishmallows Marks** | The marks covered by the Squishmallows Registrations and Squishmallows Application | N/A |
| **Squishmallows Works** | The works covered by the U.S. copyright registrations listed in Exhibit C to the Complaint | N/A |
| **Squishmallows Products** | A line of toys made with a soft texture that come in a variety of sizes from 3.5 inch clip-ons to extra large 24 inch plush toys, and include styles such as Hug Mees, Stackables, Mystery Squad, and Flip-A-Mallows | N/A |
| **Counterfeit or Infringing Products** | Products bearing or used in connection with the Squishmallows Marks and/or Squishmallows Works, and/or products in packaging and/or containing labels and/or hang tags bearing the Squishmallows Marks and/or Squishmallows Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or | N/A |

|  |  |  |
|---|---|---|
|  | substantially similar to the Squishmallows Marks and/or Squishmallows Works and/or products that are identical or confusingly or substantially similar to the Squishmallows Products |  |
| **Defendants' Websites** | Any fully interactive websites held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them, that they operate to communicate with consumers regarding their Counterfeit Products and/or through which consumers purchase Counterfeit Products for delivery in the U.S., including, without limitation, Defendants' websites located at www.squishmallow-official.com, www.papcool.net and www.vietlifetv.net with the domain names associated therewith | N/A |
| **Infringing Doman Name** | www.squishmallow-official.com | N/A |
| **User Accounts** | Defendants' accounts with online marketplace platforms such as Amazon, as well as any as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants, and all persons in active concert or participation with any of them | N/A |
| **Defendants' Merchant Storefronts** | Any User Accounts through which Defendants, their respective officers, employees, agents, servants, and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants, and all persons in active concert or participation with any of them | N/A |
| **Defendants' Assets** | Any money, securities, or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any financial accounts associated with or utilized by Defendants or Defendants' Websites (whether said accounts are located in the U.S. or abroad) | N/A |
| **Financial Institutions** | PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), Amazon.com, Inc., Amazon Payments, Inc. ("Amazon Pay"), PingPong Global Solutions, Inc. ("PingPong"), and Stripe Payments Canada, Ltd. ("Stripe"), which have been identified as engaging in the processing or transfer of money and/or real or personal property of Defendants | N/A |
| **Third Party Service Providers** | Any third party providing services in connection with Defendants' Infringing Products and/or Defendants' Websites, including, without limitation, Internet Service | N/A |

| | | |
|---|---|---|
| | Providers ("ISP"), back-end service providers, web designers, merchant account providers, any providing shipping and/or fulfillment services, website hosts such as Amazon.com, Inc. and Shopify, domain name registrars, such as Amazon Registrar, Inc. ("Amazon"), Cloudflare, Inc. ("Cloudflare") and GoDaddy.com, LLC ("GoDaddy"), and domain name registries | |
| **Plaintiff's Motion for Default Judgment** | Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants filed on January 7, 2022 | 47 |
| **Futterman Aff.** | Affidavit by Danielle S. Futterman in Support of Plaintiff's Motion for Default Judgment | 48 |
| **Memorandum of Law** | Plaintiff's memorandum of law in support of Plaintiff's Motion for Default Judgment | 49 |

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defendants for Defendants' trademark infringement, trademark counterfeiting, copyright infringement, false designation of origin, passing off and unfair competition and cybersquatting in violation of the Anticybersquatting Consumer Protection Act arising from Defendants' willful infringement of the Squishmallows Marks and Squishmallows Works including, without limitation, through Defendants' prominent use of Plaintiff's Squishmallows Marks and Squishmallows Works on Defendants' Websites and Merchant Storefronts and/or in connection with their advertisement, marketing, promotion, offering for sale and/or sale of their Counterfeit Products.[1]

The Court, having considered the Memorandum of Law and Affidavit of Danielle S, Futterman in support of Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defendants, the Certificates of Service of the Summonses and Complaint, *see* Dkt. 42, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, *see* Dkt. 46, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## I. Defendants' Liability

Judgment is granted in favor of Plaintiff on all claims properly pled against Defendants in the Complaint;

## II. Damages Awards

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on willful infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages

---

[1] When a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

award requested in its Motion for Default Judgment, the Court finds such an award to be reasonable and Plaintiff is awarded statutory damages in the amount of One Million U.S. Dollars ($1,000,000.00) against Defendants, pursuant to Section 15 U.S.C. § 1117(c) of the Lanham Act, plus post-judgment interest.

### III. Permanent Injunction

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defendants, their respective officers, agents, servants, employees, and all persons acting in concert with or under the direction of Defendants (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

   A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Squishmallows Marks and/or Squishmallows Works and/or marks and/or artwork that are confusingly or substantially similar to, identical to and constitute a counterfeiting and/or infringement of the Squishmallows Marks and/or Squishmallows Works;

   B. directly or indirectly infringing in any manner Plaintiff's Squishmallows Marks and/or Squishmallows Works;

   C. using any reproduction, counterfeit, copy, or colorable imitation of Plaintiff's Squishmallows Marks and/or Squishmallows Works to identify any goods or services not authorized by Plaintiff;

   D. using Plaintiff's Squishmallows Marks and/or Squishmallows Works, or any other marks and/or works that are confusingly or substantially similar to the Squishmallows Marks and/or Squishmallows Works on or in connection with the manufacturing,

  importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

E. secreting, concealing, destroying, altering, selling off, transferring, or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents, or any other records or evidence relating to:

  i. Defendants' User Accounts, Merchant Storefronts, Defendants' Infringing Domain Name and/or Defendants' Websites;

  ii. Defendants' Assets; and

  iii. the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products by Defendants and by their respective officers, employees, agents, servants and all persons in active concert or participation with any of them; and

F. utilizing the Infringing Domain Name and registering, trafficking in or using any additional domain names that use or incorporate the Squishmallows Marks, or any colorable imitation thereof; and

G. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Accounts, Merchant Storefronts, Infringing Domain Name, Defendants' Websites or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants must deliver up for destruction to Plaintiff any Counterfeit Products and any packaging, labels, tags,

advertising and promotional materials and any other materials in the possession, custody or control of Defendants that infringe any of Plaintiff's trademarks, copyrights or other rights including, without limitation, the Squishmallows Marks and/or Squishmallows Works, or bear any marks and/or artwork that are confusingly similar to the Squishmallows Marks and/or Squishmallows Works pursuant to 15 U.S.C. § 1118;

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service Providers and Financial Institutions are permanently enjoined and restrained from:

   A. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defendants' Assets from or to Defendants' Financial Accounts; and

   B. knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(3)(A) above.

## IV. Order Transferring Infringing Domain Name

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in order to give practical effect to the permanent injunction granted herein, Defendants' Infringing Domain Name www.squishmallow-official.com is hereby ordered to be immediately transferred by Defendants to Plaintiff.

## V. Dissolution of Rule 62(a) Stay

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, the 30-day automatic stay on enforcing Plaintiff's judgment, pursuant to Fed. R. Civ. Pro. 62(a) is hereby dissolved.

## VI.     Miscellaneous Relief

1) Any failure by Defendants to comply with the terms of this Order shall be deemed in contempt of Court, subjecting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

2) The Court releases the Five Thousand U.S. Dollar ($5,000.00) security bond that Plaintiff submitted in connection with this action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 2520, New York, NY 10165; and

3) This Court shall retain jurisdiction over this matter and the parties to construe and enforce this Order.

**SO ORDERED.**

SIGNED this 15th day of March 2022, at 11:00 a.m.

_____
HON. JOHN P. CRONAN
UNITED STATES DISTRICT JUDGE